O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JUAN A. SEPULVEDA,<br><br>              Petitioner,<br><br>        v.<br><br>LELAND MCEWEN,<br><br>              Respondent. | Case No. CV 11-7680-MMM (MLG)<br><br>ORDER DENYING CERTIFICATE OF<br>APPEALABILITY |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition as unexhausted, a COA is denied.

Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App.

1 P. 22(b).

2      The court determines whether to issue or deny a COA pursuant to
3 standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
4 *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c).
5 Ordinarily, a COA may be issued only where the petitioner has made a
6 "substantial showing of the denial of a constitutional right." 28
7 U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. Where, as here, the
8 district court denies a habeas petition on procedural grounds, without
9 reaching the prisoner's underlying constitutional claim, a COA should
10 issue when the prisoner shows, at least, that jurists of reason would
11 find it debatable whether the petition states a valid claim of the
12 denial of a constitutional right and that jurists of reason would find
13 it debatable whether the district court was correct in its procedural
14 ruling. *Slack*, 529 U.S. at 484, *See also Miller-El,* 537 U.S. at 338.

15      In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
16 court noted that this amounts to a "modest standard". (Quoting
17 *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,
18 the standard for granting a COA has been characterized as "relatively
19 low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA
20 should issue when the claims presented are "adequate to deserve
21 encouragement to proceed further." *Slack,* 529 U.S. at 483-84,
22 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also*
23 *Silva,* 279 F.3d at 833. If reasonable jurists could "debate" whether
24 the petition could be resolved in a different manner, then the COA
25 should issue. *Miller-El,* 537 U.S. at 330.

26      Under this standard of review, a COA will be denied. In
27 dismissing this petition for writ of habeas corpus, this Court found
28 that the petition was totally unexhausted, as none of the claims for

1  relief had ever been presented to the California Supreme Court.

2  Petitioner cannot make a colorable claim that jurists of reason would

3  find debatable or wrong the decision dismissing the petition. Thus,

4  Petitioner is not entitled to a COA.

5      Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a

6  certificate of appealability.

7

8  Dated: December 30, 2011

9

10                              Margaret M. Morrow
                                Margaret M. Morrow
11                          United States District Judge

12

13  Presented By:

14

15

16  Marc L. Goldman
    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28